Citation Nr: 1527820 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 11-21 201A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in Milwaukee, Wisconsin


THE ISSUE

Entitlement to a total disability evaluation based on individual unemployability due to the appellant's service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Wisconsin Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel 


INTRODUCTION

The appellant served on active duty from December 1973 to December 1977. 

This matter comes before the Board of Veteran's Appeals, hereinafter the Board, on appeal from a February 2010 rating decision of the Milwaukee, Wisconsin Department of Veterans Affairs (VA) Regional Office (RO); which granted service connection and 30 percent rating for posttraumatic stress disorder (PTSD) with anxiety, effective May 9, 2009. In June 2014 the RO granted a 70 percent rating for PTSD, effective August 16, 2013.

In September 2014, the Board granted a 50 percent rating for PTSD, effective July 6, 2012, and a 70 percent rating, effective November 19, 2013. The Board remanded the TDIU aspect of the Veteran's appeal. 

The appeal is once again REMANDED to the Agency of Original Jurisdiction (AOJ). The Veteran will be advised if he needs to take further action.


REMAND

The issues of entitlement to service connection for diabetic retinopathy, proliferated retinopathy, and macular degeneration accelerated (as secondary to service-connected type II diabetes mellitus) have been raised by the record (in a May 2014 claim), but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). They are; however, inextricably intertwined with the TDIU issue.

In a January 21, 2015, statement the Veteran wrote that he wanted a hearing. He is entitled to a hearing. 38 C.F.R. § 20.703 (2014). The Board offered the Veteran an opportunity to select the type of hearing he wanted, but he did not respond. The Board told him that if he did not respond, his previous selection would be used. Since he did not make a previous selection, but has not withdrawn the hearing request, the appeal is remanded to afford him a hearing that can most readily be provided.

The case is therefore REMANDED for the following development: 

1. Adjudicate the claims for service connection for diabetic retinopathy, proliferated retinopathy, and macular degeneration.

2. Afford the Veteran an opportunity for a Board hearing at the RO.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).